**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

MARTY O'BOYLE and
SHELIA O'BOYLE,

               Plaintiffs,

v.                                   CIVIL ACTION NO.  5:09-cv-00166

SUPERIOR MOVING & STORAGE, INC.,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Superior Moving & Storage, Inc.'s Motion to Dismiss Plaintiffs' Complaint [Docket 3], and Plaintiffs Marty and Shelia O'Boyle's Motion to Remand [Docket 9] and Motion to Amend Complaint [Docket 10].  For the reasons set forth below, the Motion to Dismiss [Docket 3] is **GRANTED**; the Motion to Remand [Docket 9] is **DENIED**; and the Motion to Amend [Docket 10] is **GRANTED**.

*I.  BACKGROUND*

On June 11, 2007, Defendant, a moving company, entered  into a contract with Plaintiffs to transport household goods and furniture from Del Ray Beach, Florida to Greenbrier County, West

Virginia.[1]  The goods were delivered to a residence in West Virginia on July 14, 2007.  Plaintiffs allege that Defendant allowed the goods to become damaged or destroyed in transit.

Plaintiffs filed a Complaint against Defendant in the Circuit Court of Greenbrier County, West Virginia, on January 5, 2009.  The Complaint asserted two counts under West Virginia law: breach of contract and negligence.  Defendant was served with the Complaint on January 28, 2009, and filed a timely notice of removal with this Court on February 24, 2009.  Although Plaintiffs' Complaint asserted only state law causes of action, Defendant averred that the Court's "arising under" jurisdiction, 28 U.S.C. §§ 1331, 1337, could be properly exercised in this case because this "is a civil action against a carrier to recover damages for alleged delay, loss or injury to an interstate shipment arising under 49 U.S.C. § 14706, wherein the amount in controversy exceeds the sum of $10,000."  (Docket 1 ¶ 7.)

Defendant filed a motion to dismiss the Complaint contemporaneously with the notice of removal.  Defendant argues that Plaintiffs' state law claims are completely preempted by 49 U.S.C. § 14706, which is commonly referred to as the Carmack Amendment.  Accordingly, Defendant contends that the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  Plaintiffs did not file a timely response in opposition to the motion.

---

[1]   The recitation of the factual background of this action is drawn from the allegations in the Amended Complaint [Docket 10-2].  As this matter is before the Court on a motion to dismiss, the allegations are assumed to be true for present purposes. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 55 (2007).

On February 24, 2009, Plaintiffs filed a motion to remand and motion to amend the Complaint.[2]  In these motions, Plaintiffs acknowledge that the Carmack Amendment preempts their state law claims.  Nonetheless, Plaintiffs' Amended Complaint retains the state law claims.  It also adds a claim under the Carmack Amendment.  In support of their motion to remand Plaintiffs argue that the Court is without federal question jurisdiction to adjudicate the claims in the Amended Complaint, notwithstanding that the Amended Complaint includes a claim under the Carmack Amendment.  This matter is now fully briefed and ripe for the Court's consideration.

## II.  MOTION TO AMEND

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a party to "amend its pleading once as a matter of course . . . before being served with a responsive pleading."  A motion to dismiss is not a responsive pleading.  *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993); *Smith v. Blackledge*, 451 F.2d 1201, 1203 n.2 (4th Cir. 1979).  Thus, the filing of a motion to dismiss has no bearing on an opposing party's right to amend its pleading, provided, of course, that the court has not entered a judgment on the motion the dismiss.  *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985).  As the amendment may be made as a matter of course, leave of the court is not required.

In this case, Defendant filed a motion to dismiss but has yet to file a responsive pleading.  Thus, Plaintiffs would have been within their rights to amend the Complaint once without leave.  However, this matter is before the Court on Plaintiffs' motion for leave.  Like a motion to amend a pleading under Rule 15(a)(2), a motion for leave to amend a pleading under Rule 15(a)(1) should

---

[2]  Plaintiffs are reminded to conform their motions and supporting memoranda to Rule 7.1(a) of the Local Rules of Civil Procedure.

be freely granted unless the amendment is for some improper purpose, such as to defeat the Court's jurisdiction. *See Faye v. High's of Baltimore*, 541 F. Supp. 2d 752, 757–58 (D. Md. 2008). Plaintiff's Amended Complaint, which adds a claim under the Carmack Amendment, serves only to reinforce this Court's jurisdiction. Accordingly, the motion for leave to amend the Complaint is **GRANTED**. The Amended Complaint [Docket 10-2] is now the operative complaint for all purposes. *Washer v. Bullitt County*, 110 U.S. 558, 561–62 (1884); *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'").

### III.   MOTION TO DISMISS

#### A.   Effect of Amended Complaint

The threshold question is whether the previously pending motion to dismiss is rendered moot by the filing of the Amended Complaint. Strictly speaking, Defendant's motion to dismiss seeks the dismissal of Counts I and II of the original Complaint. Because the original Complaint is no longer operative, the usual course of action would be for the Court to dismiss as moot the motion challenging its sufficiency. *See Bancoult v. McNamara*, 214 F.R.D. 5, 13 (D.D.C. 2003); *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002). However, dismissal of a pending motion to dismiss is not necessary in situations where, as here, the challenged portions of the original Complaint are reproduced in the Amended Complaint. "To hold otherwise would be to exalt form over substance." 6 Charles Alan Wright et al., *Federal Practice & Procedure* § 1476 (2d ed. 1990); *see also Ohio River Valley Envtl. Coal., Inc. v. Timmermeyer*, 66 F. App'x 468, 472 n.4 (4th Cir. 2003).

4

Counts I and II of the original Complaint are identical to Counts I and II of the Amended Complaint, save for minor factual differences not relevant to the motion to dismiss.[3]  Requiring Defendant to refile a motion to dismiss Counts I and II of the Amended Complaint would be needlessly formalistic and wasteful of the resources of the Court and the parties.  Accordingly, the Court will consider the motion to dismiss with respect to Counts I and II of the Amended Complaint.

B.    *Rule 12(b)(6) Standard*

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  The rule requires the plaintiff to allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim.  *Twombly*, 550 U.S. at 555.  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint; the factual allegations must be taken as true and construed in the light most favorable to the non-moving party.  *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  Consequently, a motion to dismiss should be granted only if the plaintiff fails to allege sufficient facts to state a cognizable legal claim that is plausible on its face.  *Twombly*, 550 U.S. at 570.

A claim arising from state law that is preempted by federal law is not a cognizable legal claim.  No set of facts will establish a plausible right to relief if the legal basis for the claim is preempted.  In its motion to dismiss, Defendant argues that Plaintiffs' state law claims of breach of contract and negligence are completely preempted by the Carmack Amendment.  If Defendant's

---

[3]  The original Complaint states that Plaintiffs are residents of Greenbrier County, West Virginia, (Docket 1-2 ¶ 1), but the Amended Complaint lists their residence as Palm Beach County, Florida, (Docket 10-2 ¶ 1).  The Amended Complaint also adds the allegations that the residence in West Virginia is not owned by Plaintiffs and that Plaintiffs were refused the right to inspect the goods when they were delivered.  (*Id*. ¶ 7.)

preemption argument bears out, then Plaintiffs' state law claims must be dismissed under Rule 12(b)(6).

C.    *Preemption of State Law Claims*

The Carmack Amendment was enacted "to create a national scheme of carrier liability for goods damaged or lost during interstate shipment under a valid bill of lading." *Ward v. Allied Van Lines, Inc*., 231 F.3d 135, 138 (4th Cir. 2000) (quoting *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 704 (4th Cir. 1993)).  It provides, in pertinent part:

> A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation . . . .  That carrier and any other carrier that delivers the property and is providing transportation or service . . . are liable to the person entitled to recover under the receipt or bill of lading.  The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States . . . .

49 U.S.C. § 14706(a)(1).  The courts which have addressed this issue have uniformly held that the "Carmack Amendment preempts a shipper's state and common law claims against a carrier for loss or damage to goods during shipment." *Ward*, 231 F.3d at 138; *see also Taylor v. Mayflower Transit, Inc*., 22 F. Supp. 2d 509, 510–11 (W.D.N.C. 1998)  (collecting cases).  "It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property." *Hall v. N. Am. Van Lines, Inc*., 476 F.3d 683, 688 (9th Cir. 2007).

Counts I and II of the Amended Complaint respectively charge Defendant with breach of contract and negligence.  The underlying factual basis for these claims can be summarized as follows:  The parties entered into a valid contract for the interstate shipment of Plaintiffs' property; Defendant took possession of the property in Florida and transported it to West Virginia; and "[w]hile in Defendant's possession, Plaintiff's [sic] furniture and household goods were excessively

6

damaged and destroyed." (Docket 10-2 ¶ 7.) Plaintiffs' state law claims, which seek damages for loss to property shipped by an interstate carrier, are exactly the types of claims Congress intended to preempt when it enacted the Carmack Amendment. Accordingly, the Court **GRANTS** Defendant's motion to dismiss and **DISMISSES** Counts I and II of the Amended Complaint.

### IV. MOTION TO REMAND

United States "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal bears the burden of showing that federal jurisdiction exists. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction is strictly construed, all doubt is resolved in favor of remand. *Id*.

Generally, "[i]n addressing the propriety of federal jurisdiction in a removal action, courts base their decision on the record existing at the time the petition for removal was filed." *Wickline v. Dutch Run-Mays Draft, LLC*, 606 F. Supp. 2d 633, 637 (S.D. W. Va. 2009) (Johnston, J.). Where the removing party seeks to invoke the court's "arising under" jurisdiction, 28 U.S.C. § 1331, the federal question typically must be evident from the face of the well-pleaded complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). The assertion of a defense based on federal law is insufficient to create "arising under" jurisdiction if the complaint consists entirely of state law claims. *See id*. There is an exception to this general rule, however, applicable in situations where a plaintiff's state law claims are completely preempted by federal law. *Aetna*

7

*Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).  If "the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."  *Id*. at 207–08 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).  Thus, civil actions containing state law claims that are completely preempted are removable to federal court. *See id.* at 210.

As discussed previously, Plaintiffs' state law breach of contract and negligence claims are completely preempted by the Carmack Amendment.  Though the original Complaint presented the claims as state law causes of action, they were in fact claims arising under federal law at the time they were filed.  This Court has original jurisdiction over all claims arising under the Carmack Amendment, 49 U.S.C. § 14706(d), including Plaintiffs' claims against Defendant in this case.  Accordingly, this action was properly removed.  Plaintiffs' motion to remand is **DENIED**.

## V.  CONCLUSION

For the reasons explained above, Plaintiffs Marty and Shelia O'Boyle's Motion to Remand [Docket 9] is **DENIED** and Motion to Amend Complaint [Docket 10] is **GRANTED**.  The Amended Complaint [Docket 10-2] shall be the operative complaint.  Defendant Superior Moving & Storage, Inc.'s Motion to Dismiss Plaintiffs' Complaint [Docket 3] is **GRANTED,** and Counts I and II are **DISMISSED** accordingly .

**IT IS SO ORDERED.**

8

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:       August 13, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE